UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                    :
COMPETITIVE INTERIORS, INC.,     :        CASE NO. 5:06cv370
                                                    :
            Plaintiff,                         :        JUDGE JAMES S. GWIN
                                                    :
vs.                                             :        OPINION AND ORDER
                                                    :        [Resolving Doc. Nos. 1, 4]
LABORERS' INTERNATIONAL      :
UNION OF NORTH AMERICA,      :
LOCAL NO. 1015, et al.,              :
                                                    :
            Defendants.                     :
                                                    :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Plaintiff Competitive Interiors, Inc.'s motion for a temporary restraining order. [Docs. 1, 4]. Defendant Laborers' International Union of North America, Local No. 1015, opposes the plaintiff's motion. For the reasons set forth below, the Court **GRANTS** the plaintiff's motion.

I.  Background

Plaintiff Competitive Interiors is an Ohio corporation employs workers represented by both Defendant Local 1015 and by the United Brotherhood of Carpenters and Joiners of America Local No. 69. Both unions apparently have collective bargaining agreements with Competitive Interiors. Plaintiff Competitive Interiors and Defendant Local 1015 are parties to a collective bargaining agreement covering the period from May 1, 2002, through April 30, 2005. The plaintiff and Local 69 are also parties to a collective bargaining agreement.

-1-

Case No. 5:06cv370
Gwin, J.

From April 15 through September 28, 2005, the plaintiff employed members of Local 1015 and Local 69 in the construction of a Target store in Massillon, Ohio. Local 1015's members unloaded construction materials, while Local 69's members handled materials from the stockpile to the point of installation.

Near June 9, 2005, Local 1015 filed a demand for arbitration with Defendant American Arbitration Association regarding the plaintiff's employment of Local 69 carpenters on the Massillon project. The AAA scheduled the arbitration for February 20, 2006. On February 8, 2006, Local 69 advised the plaintiff that it would pull its members off of the plaintiff's projects or picket job sites due to Local 1015's performance of duties that Local 69's believes are within its jurisdiction at the Massillon project. On February 13, 2006, the plaintiff filed an unfair labor practice charge regarding Local 69's conduct.

The plaintiff says Local 69 and Local 1015 are both members of the East Central Ohio Building & Construction Trades Council. Article XII, Section 5 of the Trade Council's Constitution and By-Laws provides that its own internal dispute resolution mechanism, and not AAA arbitration proceedings, shall resolve jurisdictional disputes between its members. Based on this provision, the plaintiff says Local 1015 cannot proceed with the February 20, 2006, AAA proceeding. The defendant denies being subject to the Trade Council's Constitution and By-Laws.

## II. Legal Standard

The Court applies the traditional four-part test to determine whether a temporary restraining order is appropriate. The Court must consider whether: (1) there is a substantial likelihood of success on the merits, (2) the temporary restraining order is necessary to prevent irreparable injury, (3) the injury to the plaintiff outweighs any harm to the nonmovant, and (4) the temporary restraining order would serve the

Case No. 5:06cv370
Gwin, J.

public interest. *See, e.g., McPherson v. Michigan High School Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). A district court need not make specific findings on each factor, if fewer factors dispose of the issue. *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.,* 119 F.3d 393, 399 (6th Cir. 1997).

### III. Analysis

It is settled that "the question of arbitrability – whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Tech., Inc. v. Communications Workers*, 475 U.S. 643, 649 (1986); *see also Litton Fin. Printing v. N.L.R.B.*, 501 U.S. 190, 208 (1991) ("Whether or not a company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court").

Citing *AT&T Broadband v. IBEW Local 21*, 317 F.3d 758 (7th Cir. 2003), the defendant contends that the Norris-LaGuardia Act prevents the Court from enjoining the AAA arbitration proceeding in this case. Section 1 of the Norris-LaGuardia Act provides:

> No Court of the United States . . . shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in strict conformity with the provisions of this chapter;  nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter.

29 U.S.C. § 101. The Act defines "labor dispute" as "any controversy concerning terms or conditions of employment . . . . " 29 U.S.C. § 113(c). In determining whether a conflict is a "labor dispute," the Sixth

Case No. 5:06cv370
Gwin, J.

Circuit has said "[t]he test is satisfied where an employer and a union representing its employees are the disputants, and their dispute concerns the interpretation of the collective bargaining agreement that defines their relationship." *UAW Local No. 1051 v. Lester Eng. Co.*, 718 F.2d 818, 823 (6th Cir. 1983).

Suits like this one that seek specific performance of contractual arbitration provisions are not barred by Norris-LaGuardia. *See Textile Workers Un. of America v. Lincoln Mills of Alabama*, 353 U.S. 448, 458-59 (1957). As the Supreme Court noted in *Textile Workers*, such a suit was not one of the evils Congress intended Norris-LaGuardia to prevent. *Id.* Because Norris-LaGuardia does not prevent suits to compel arbitration, it does not prevent suits to enjoin arbitration. *See Emery Air Freight v. Teamsters Local 295*, 185 F.3d 85, 89 (2d Cir. 1999) (affirming decision enjoining bipartite arbitration in favor of tripartite arbitration).

Given that the Court has jurisdiction to enjoin the bipartite arbitration in this matter, the Court applies the traditional four-part temporary restraining order analysis. There is a substantial likelihood that the plaintiff will succeed on the merits. The plaintiff demonstrates a risk of irreparable injury resulting from potentially conflicting arbitration proceedings with Local 1015 and Local 69. The injury to the plaintiff from proceeding with the arbitration outweighs the harm to the defendant from a delay to permit the Court to hold a further hearing on the matter. Finally, the proposed order would further the public interest by contributing to efficient arbitration proceedings and avoiding conflicting results.

## IV. Conclusion

The Court **GRANTS** the plaintiff's motion for a temporary restraining order. The Court sets bond at two thousand dollars ($2,000.00). Plaintiff's counsel shall prepare bond entry.

IT IS SO ORDERED.

Case No. 5:06cv370
Gwin, J.

Dated:  February 17, 2006                                         s/     *James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE