UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF OHIO
------------------------------------------------------------
COMPETITIVE INTERIORS, INC.,                  :
                                              :      CASE NO. 5:06-cv-370
        Plaintiff,                      :
                                              :
  and                                       :
                                              :      ORDER AND OPINION
OHIO AND VICINITY REGIONAL                    :      [Resolving Doc. Nos. 1, 9]
COUNCIL OF CARPENTERS,                        :
                                              :
        Plaintiff/Intervenor,           :
                                              :
vs.                                           :
                                              :
LABORERS' INTERNATIONAL UNION                 :
OF NORTH AMERICA, INC.,                       :
LOCAL NO. 1015, et al.,                       :
                                              :
        Defendant,                      :
                                              :
  and                                       :
                                              :
AMERICAN ARBITRATION ASSOC.,                  :
                                              :
        Defendant.                      :
                                              :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     Before the Court is the Plaintiffs' motion for a permanent injunction barring Defendant Laborers' International Union of North America Local No. 1015 from prosecuting a jurisdictional dispute arbitration [Doc. 1]. The Defendants oppose the injunction. [Docs. 8, 40.] For the reasons described below, the Court GRANTS the Plaintiffs' motion for a permanent injunction.

-1-

Case No. 5:06-CV-370
Gwin, J.

## I. Background

The Court previously set forth the facts in this case in its February 17, 2006, Opinion and Order [Doc. 14] granting the Plaintiff's motion for a Temporary Restraining Order. The Court reproduces those facts here.

Plaintiff Competitive Interiors ("Competitive") is an Ohio corporation employing workers represented by Defendant Laborers' International Union of North America Local No. 1015 ("Local 1015") and by Plaintiff/Intervenor United Brotherhood of Carpenters and Joiners of America Local No. 69 ("Local 69"). Both unions have collective bargaining agreements with Competitive.

From April 15, 2005 through September 28, 2005, Competitive employed members of Local 1015 and Local 69 in constructing a Target store in Massillon, Ohio. Local 1015 unloaded construction materials from delivery vehicles, and Local 69 handled materials from the stockpile to the point of installation.

On or about June 9, 2005, Local 1015 filed a demand for arbitration with Defendant American Arbitration Association ("AAA") alleging a jurisdictional dispute[1] over Local 69's performance of certain job functions. The AAA scheduled the arbitration for February 20, 2006. On February 8, 2006, Local 69 threatened to terminate its work on Competitive's projects or picket job sites due to Local 1015's performing various Massillon project duties that Local 69 believed were within its jurisdiction. On February 13, 2006, Competitive filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") under the National Labor Relations Act ("NLRA") § 10(k), 29 U.S.C. § 160(k), to resolve the jurisdictional issue. On February 17, 2006,

---

[1] A jurisdictional dispute arises when groups of employees disagree over which is entitled to perform certain work for a common employer. 51A C.J.S. *Labor Relations* § 393 (2006).

Case No. 5:06-CV-370
Gwin, J.

the Court granted Competitive's motion for a Temporary Restraining Order against the AAA arbitration, pending the NLRB determination. [Doc. 14.] On March 3, 2006, this Court granted Competitive's motion for a preliminary injunction on the same terms. [Doc. 33.]

Competitive says that Local 1015 and Local 69 are both members of the East Central Ohio Building & Construction Trades Council ("Trades Council"). Article XII, Section 5 of the Trades Council's Constitution and By-Laws ("Article XII") provides that its own internal dispute resolution mechanism, rather than AAA arbitration, shall resolve jurisdictional disputes between its members. Based on this provision, Competitive says that Local 1015 cannot proceed with the AAA proceeding. Local 1015 denies being subject to Article XII.

## II. Legal Standard

The Court applies a five-part test when deciding to issue a permanent injunction: (1) whether the movant demonstrates actual success on the merits; (2) whether there is a substantial risk of continuing irreparable injury to the movant without the injunction; (3) whether the injunction would cause substantial harm to the nonmoving party; (4) whether the injunction serves the public interest; and (5) whether the movant lacks an adequate remedy at law. *United States v. Szoka*, 260 F.3d 516, 523 (6th Cir. 2001); *see also Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").

## III. Analysis

As a threshold issue, the Court again reiterates that it has jurisdiction over this matter. As explained more fully in this Court's February 17, 2006 Order, the Norris-LaGuardia Act, 29 U.S.C.

Case No. 5:06-CV-370
Gwin, J.

§ 101, does not divest the Court of jurisdiction in this case. Additionally, Competitive is an intended third party beneficiary to Article XII. As such, it has standing to seek an injunction against the arbitration proceedings. *See Laverick v. Children's Hosp. Med. Ctr.*, 540 N.E.2d 305 (Ohio Ct. App. 1988). As a result, this matter is properly before the Court. Therefore, the Court considers the balancing factors to determine whether a permanent injunction is appropriate.

First, the Court finds that Competitive's substantive argument is persuasive and therefore the claim succeeds on its merits. Local 1015 is indisputably a member of the Trades Council, and as such, is bound to its arbitration procedures.[2/] Therefore, the Court holds that Local 1015 is bound to the Building and Construction Trades Department's arbitration procedures and was not authorized to file its grievances with the AAA. Even if Local 1015 were entitled to pursue its claims through the AAA, the outcome of that arbitration would be moot because of the pending NLRB § 10(k) determination over the jurisdictional dispute. The NLRB's determination would supplant any arbitration award that Local 1015 might obtain from the AAA. *See UAW Local 1519 v. Rockwell Int'l Corp.*, 619 F.2d 580, 583-84 (6th Cir. 1980) (holding that allowing arbitration awards to trump § 10(k) determinations would undermine Congress' intent in enacting the NLRA). Accordingly, the Court finds that Local 1015 was not entitled under its contractual obligations with Competitive to pursue arbitration through the AAA and, even if it were, such relief would be moot after the NLRB issues its § 10(k) determination.

---

[2/] The Trades Council membership includes by definition all unions affiliated with the Building and Construction Trades Department of the AFL-CIO that function within the Trades Council's geographical district, which includes Local 1015. [Doc. 1 Ex. 5 Art. III §§ 1-2.] Additionally, Local 1015 is specifically listed as a member. *Id.* at Art. VIII § 1. All members are bound to the arbitration procedures determined by the Building and Construction Trades Department. *Id.* at Art. XII § 5.

Case No. 5:06-CV-370
Gwin, J.

Second, the potential harm to Competitive is considerable. As the Court recognized in its February 17, 2006 and March 3, 2006 opinions, allowing the AAA arbitration to proceed would allow Local 69 and Local 1015 to utilize different and fully independent arbitration procedures, potentially resulting in inconsistent outcomes. Local 1015 contends that Competitive could petition the Sixth Circuit to vacate an arbitration award should the arbitration bodies arrive at different outcomes. However, this Court noted at the March 3 hearing that such an appeal would be expensive and its success uncertain.

Third, the Court considers whether granting the injunction will cause substantial harm to the nonmoving party. Local 1015 had a full and fair opportunity to voice its jurisdictional claims before the NLRB in the § 10(k) hearing. Moreover, relegating these claims to one consolidated determination potentially saves all parties drawn-out and duplicative proceedings. Accordingly, this Court finds that the potential harm to Local 1015 from issuing the permanent injunction is *de minimis*.

Fourth, the Court considers the impact of an injunction upon the public interest. The Court finds that the public interest is best served by a consolidation of Local 69's and Local 1015's jurisdictional dispute before one body. The NLRB will provide an appropriate determination of the full jurisdictional dispute. Additionally, the public interest is further served by ensuring efficient proceedings and avoiding conflicting results.

Finally, the Court considers Competitive's available remedies at law. As noted above, Local 1015 argues that, in the event of inconsistent determinations, Competitive may petition the Sixth Circuit to vacate one of the awards. However, this does not constitute an adequate remedy at law. As this Court noted at the March 3 hearing, such a petition is very difficult to pursue successfully.

Case No. 5:06-CV-370
Gwin, J.

Once the parties authorize an arbitrator to issue a determination, reviewing courts are not empowered to disturb arbitrators' determinations so long as the arbitrator arguably acted within the scope of his or her authority,[3] even in the face of clearly erroneous evaluation of the merits. *Major League Baseball Players' Assoc. v. Garvey*, 532 U.S. 504, 509 (2001); *United Paperworkers' Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). A court may only vacate an award if the arbitrator clearly strays from the nature of the agreement, and even then, it may only remand for further arbitration. *Garvey*, 532 U.S. at 511.

Here, if the AAA arbitration proceeds, Competitive will risk inconsistent arbitration determinations. Competitive's only remedy would be to ask the Sixth Circuit to reconcile the decisions. Give that arbitrators' determinations are subject to a high standard of review, this scenario would not constitute an adequate remedy at law. Accordingly, the Court finds that injunctive relief is available to Competitive and appropriate in this situation.[4]

For all of these reasons, the Court holds that Local 1015's efforts to arbitrate with the AAA are unnecessary and duplicative. Therefore, the balancing test weighs strongly in favor of granting Competitive's motion for a permanent injunction.

### IV. Conclusion

For the reasons stated above, the Court **GRANTS** the Plaintiffs' motion for a permanent injunction barring the Defendants from pursuing their claims in arbitration through the AAA. The

---

[3] If this Court does not enjoin Local 1015 from pursuing the AAA arbitration, Competitive will effectively be forced to submit to the AAA arbitration. Once Competitive so submits, the AAA will be acting in the scope of its authority when it issues its determination.

[4] The right to injunctive relief for a breached collective bargaining agreement is widely recognized as unimpeded by the "available remedies at law" restriction. *See generally Specific Performance or Injunction as Proper Remedy for Breach of Collective Bargaining Agreement*, 156 A.L.R. § 652 (1945); *see also* 39A OH Jur. 3d *Employment Relations* § 630 (2006).

Case No. 5:06-CV-370
Gwin, J.

Court further **DENIES** the Defendants' motion to dismiss the Complaint [Doc. 9].

    IT IS SO ORDERED.


Dated: July 11, 2006            s/ *James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE